UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LYONEL GREEN,

                       Plaintiff,       **REPORT AND RECOMMENDATION**
                                                         **07 CV 3939 (DLI) (LB)**

-against-

JOHN DOE (Police Officer) S.W.A.T. Team;
JOHN DOE (E.M.S. Paramedic); and
JOHN DOE (Police Officer) 114th Precinct,

                       Defendants.

------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 17, 2007. On October 11, 2007, the Court dismissed plaintiff's claims against defendants New York City Police Commissioner Raymond Kelly, the New York City Police Department Special Weapons and Tactical ("SWAT") team, and the New York City Fire Department's Emergency Medical Services ("EMS"). The Court requested the Corporation Counsel to ascertain the full names of the SWAT team officers who apprehended plaintiff and the EMS technicians who treated plaintiff on the scene pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). See docket entry 3.

       Plaintiff filed an amended complaint on November 15, 2007, naming only John Does as individual defendants. On November 19, 2007, the Court granted non-party the City of New York's ("City") motion to compel plaintiff to sign and return releases so that the individuals involved in the underlying incident could be identified. On January 14, 2008, the Court granted the City's request for an extension of time to respond to the Court's Valentin Order as plaintiff had not signed releases

needed to identify the individual defendants. The Court scheduled an initial telephonic conference on February 7, 2008 to explain to plaintiff the need for the releases.

Before the scheduled conference date, the City informed the Court that plaintiff had been discharged from Rikers Island and advised the Court of plaintiff's last-known address at the time he was arrested in the underlying incident. The Court therefore rescheduled the initial conference for February 21, 2008 at 2:30 p.m. in Court. The conference was thereafter rescheduled to March 10, 2008 at 2:00 p.m. in Court.

The Court sent its Orders rescheduling the initial conference to plaintiff at the pre-arrest address provided by the City, however the Orders were returned as undeliverable. See docket entries 13, 15. The Court therefore adjourned the March 10, 2008 conference and advised plaintiff of his obligation to provide the Court with a current address. The Court warned plaintiff that if he failed to contact the Court in writing to provide a current address by April 7, 2008, the Court would dismiss this action.

By letter dated April 10, 2008, the City requests that the Court dismiss this action. See docket entry 18. Plaintiff has failed to provide a current address and has not contacted the Court or the City since he filed his amended complaint in November 2007. The Court's Order, which was sent to plaintiff at his last-known address, was returned as undeliverable. I therefore respectfully recommend pursuant to 28 U.S.C. § 636(b) that plaintiff's case should be dismissed.[1]

---

[1] The City requests that the Court dismiss this action for failure to prosecute. See docket entry 18. The request to dismiss is granted, albeit on other grounds. The action should be dismissed for plaintiff's failure to comply with the Court's Orders under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

2

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[i]f a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling order or pretrial order . . . [o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's March 4, 2008 Order that I would recommend that his action should be dismissed if he failed to provide a current address. That Order was sent to plaintiff at his last-known address—the address he listed when he was arrested in the underlying incident and plaintiff's only known address after his release from Rikers Island. The Order was returned as undeliverable. It is plaintiff's responsibility to keep the Court informed of his current address. See Roundtree v. Health and Hospitals Police Dept., No 06 Civ. 212 (SAS), 2007 WL 1428428, at *1 (S.D.N.Y. May 14, 2007) (citing to Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683 (S.D.N.Y. July 17, 2000) (unpublished opinion)); see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the Court with notice of a change of address and misses an important deadline as a result

of this failure, the Court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* plaintiff's claim when the plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

Plaintiff has not contacted the Court or the City to provide a current address, or given any indication that he intends to pursue this action since he filed his amended complaint on November 15, 2007.[2] Plaintiff has apparently abandoned the action. I therefore recommend that the Court dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

---

[2] Plaintiff's amended complaint names only John Doe defendants and the Court had requested the City's assistance to identify the John Doe defendants.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: April 15, 2008
       Brooklyn, New York